FILED
 2007 May-01 PM 02:20
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANTHONY ANTONIO,

    Plaintiff,

vs.                                      CASE NO. CV-06-J-783-S

CRETE CARRIERS CORPORATION and
CLENNON HARRELL, JR.,

    Defendants.

## MEMORANDUM OPINION

Pending before the court is the defendants' motion for summary judgment (doc. 18), brief in support of said motion (doc. 20) and evidentiary submissions (doc. 19). The plaintiff has failed to respond.[1]

Plaintiff commenced this action on March 31, 2006, by filing a complaint in the Circuit Court of Jefferson County, Alabama. Defendants removed the action to this court pursuant to 28 U.S.C. § 1332. Defendants seeks summary judgment on the plaintiff's claims of wanton driving against defendant Clennon Harrell, Jr. ("Harrell"), negligent and/or wanton hiring, training, and supervision against defendant Crete Carrier Corporation ("Crete"), and negligent and/or wanton

---

[1] The motion for partial summary judgment was filed by defendants on April 16, 2007. Pursuant to the court's Scheduling Order, issued May 16, 2006 (doc. 9), as amended December 1, 2006 (doc. 15), by request of the parties, the plaintiff had fourteen days to respond to the defendants motion. That deadline has now passed.

entrustment against defendant Crete.  Plaintiff's claim for negligent operation of a motor vehicle against defendant Harrell is not addressed by the pending motion.  The parties do not dispute that defendant Harrell was acting in the line and scope of his employment with defendant Crete at the time of the accident.  *See e.g.*, Coulter depo. at 10-11. [2]

## FACTUAL BACKGROUND

This case arises out of a vehicle accident, in which defendant Clennon Harrell, Jr., operated the tractor trailer he was driving on behalf of defendant Crete Carrier Corporation in such a manner as to hit the automobile driven by the plaintiff.  On April 4, 2004, at approximately 3:30 p.m., the plaintiff was stopped at a traffic light, heard screeching, and glanced in his rearview mirror in time to see a "massive red truck slam right in the back" of his car.  Plaintiff depo. at 38-39, 41-42.  This was on an overpass over some old railroad tracks.  Harrell depo. at 28.  Although the plaintiff was wearing his seat belt, he was slung backwards between the bucket seats, then forward toward the steering wheel.  Plaintiff depo. at 42-43, 49-50.  His car was struck in the back passenger side bumper and pushed forward two or three car lengths.  Plaintiff depo. at 40, 125.  The plaintiff agrees that other damage to the front and side of his car, as reflected in photographs, was preexisting.  Plaintiff depo. at 47-

---

[2] Raymond Coulter is the Vice President of Safety for defendant.  Coulter depo. at 7.

48, 50-51.  The damage to the plaintiff's car has been repaired.  Plaintiff depo. at 70, 75.

After the accident, the plaintiff telephoned a friend to come help him.  Plaintiff depo. at 57, 60-61.  Harrell called the police on his cell phone.  Harrell depo. at 39-40.  The plaintiff declined an offer for an ambulance made by the police officer who investigated the accident.  Plaintiff depo. at 61-62.  However, the plaintiff had pain in his neck and mid-back.  Plaintiff depo. at 63-64.  The plaintiff then proceeded to drive his car home, followed by his friend, took some Advil, and was "lying down hoping I'd feel better and it just seemed to get worse."  Plaintiff depo. at 64.  Later that evening, the plaintiff went to the hospital.  Plaintiff depo. at 65.  At the emergency room, the plaintiff was examined, given pain medication and a cervical collar, then released without the collar.  Plaintiff depo. at 76-77.  According to the plaintiff his pain has continued to worsen since that time.  Plaintiff depo. at 78.  He has since received medical treatment and physical therapy.  Plaintiff depo. at 79-92.

Defendant Harrell was hired by defendant Crete sometime in 2004.  Harrell depo. at 7.  He began truck driving for another company in 2001.  Harrell depo. at 8-9.  From 2001 until he left Crete in 2006, this was Harrell's only driving accident.  Harrell depo. at 11-12.  He has never had his driver's license suspended or revoked.  Harrell depo. at 12.  He was in one other accident, before he became a truck driver,

in which he was not at fault. Harrell depo. at 12-13. Since he has been a truck driver, Harrell could recall only one traffic citation, that being for driving in the left hand lane on the interstate at a point where trucks were restricted from the left hand lane. Harrell depo. at 14-16.

Before he was hired by Crete, Harrell underwent a road test and a drug and alcohol screen. Harrell depo. at 17-18. He was also subjected to random drug and alcohol testing. Harrell depo. at 18. He has never tested positive for either substance. Harrell depo. at 18. Harrell was hired by Crete on January 26, 2004. Coulter depo. at 58. After being hired, Crete sent Harrell to a one-day defensive driving course in addition to a two and a half day orientation. Coulter depo. at 32.

Just before the accident, Harrell had stopped at a truck stop. Harrell depo. at 24. He had been to that particular truck stop many times previously. Harrell depo. at 25. He was on the overpass returning to the interstate at the time of the wreck. Harrell depo. at 29. He had been behind the plaintiff's car since leaving the truck stop. Harrell depo. at 30. According to Harrell, traffic was bumper to bumper and his foot slipped off the brake. Harrell depo. at 29. He was approximately ten to fifteen feet behind the plaintiff's car, which was stopped, at the time. Harrell depo. at 32. His vehicle was rolling at the time, moving very slowly. Harrell depo. at 30-

31.  The plaintiff's car in turn bumped the car in front of the plaintiff, but that individual left with no damage to his car.  Harrell depo. at 36-37; plaintiff depo. at 47.

Harrell thinks he may have gotten some diesel fuel on the bottom of his shoe when he stopped at the truck stop, causing his foot to slip off the brake.  Harrell depo. at 33.  He stepped back on the brake, but did not have time to stop his truck before it hit the plaintiff's car.  Harrell depo. at 33.  He estimates his truck was going ten miles per hour at the time of impact.  Harrell depo. at 34-35.

Crete performed its own internal investigation in which it determined this accident was preventable and sent Harrell to another defensive driving course.  Coulter depo. at 31-32, 36-37.  Crete has no information regarding whether Harrell's foot slipped of whether he was just unable to stop his truck in time.  Coulter depo. at 35-36.  Harrell continued his employment with Crete for approximately a year and a half after the date of this accident.  Coulter depo. at 38.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e).  In meeting this burden the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249

(1986). The nonmovant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

"The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case to which the nonmoving party has the burden of proof." *Cornelius v. Town of Highland Lake,* 880 F.2d 348, 351 (11th Cir.1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990). Summary judgment is appropriate where the moving party shows an absence of evidence to support an essential element of the nonmoving party's case. *Weiss v. School Board of Hillsborough County*, 141 F.3d 990, 994 (11th Cir. 1998).

## LEGAL ANALYSIS

**Wantonness**

The defendants argue that there is no evidence of wantonness on the part of defendant Harrell. The Alabama Code defines "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." § 6-11-20(b)(3), Ala.Code 1975. Wantonness requires the "conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably

result." *Clark v. Kindley,* 2007 WL 431018, *3(Ala.Civ.App.2007) (quoting *Alfa Mut. Ins. Co. v. Roush,* 723 So.2d 1250, 1256 (Ala.1998). See also *Serio v. Merrell, Inc.*, 941 So.2d 960, 966-967 (Ala.2006). The court has no evidence before it from which a reasonable trier of fact could conclude that defendant Harrell acted with wanton intent.

**Negligent/Wanton Entrustment**

The defendants assert that there is no evidence to establish that defendant Crete negligently or wantonly entrusted a vehicle to defendant Harrell. To prevail on a claim of negligent entrustment, the plaintiff must establish (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages. *Edwards v. Valentine,* 926 So.2d 315, 320 (Ala.2005), citing *Halford v. Alamo Rent-A-Car, LLC,* 921 So.2d 409, 412 (Ala.2005) (quoting *Mason v. New,* 475 So.2d 854, 856 (Ala.1985) (emphasis omitted)). The plaintiff has not put forth any evidence of defendant Harrell being incompetent. As such, the plaintiff cannot prevail on this claim because he cannot establish that defendant Crete entrusted a vehicle to an incompetent or that defendant Crete had knowledge of that incompetence.

As with negligent entrustment, to prove wanton entrustment, the plaintiff must show that defendant Crete either knew or should have known that defendant Harrell

was incompetent to drive. *Bruck v. Jim Walter Corp.*, 470 So.2d 1141, 1144 (Ala.1985). Based on the evidence submitted, the court is of the opinion that the plaintiff can not establish that Harrell was incompetent to operate a vehicle and as such, the plaintiff's claim for wanton entrustment must fail as a matter of law.

**Negligent/Wanton Hiring. Supervision or Training**

The defendants assert that they are entitled to judgment in their favor on these claims of plaintiff because the plaintiff must again demonstrate that defendant Harrell was incompetent to drive a truck to prevail on these claims. Because of the lack of evidence of Harrell's incompetence, the plaintiff cannot establish that defendant Harrell was hired in spite of his incompetence, or that defendant Crete failed to adequately train or supervise defendant Harrell. Because the evidence established that Harrell was competent to perform the job for which he was hired, this claim of plaintiff must fail as a matter of law.

Although proximate cause is generally a question to be determined by the trier of the fact, it may be decided by the court in considering summary judgment if " there is a total lack of evidence from which the fact-finder may reasonably infer a direct causal relation between the culpable conduct and the resulting injury. " *Green v. Alabama Power Co.,* 597 So.2d 1325, 1328 (Ala.1992) (quoting *Davison v. Mobile Infirmary,* 456 So.2d 14, 24 (Ala.1984)).

9

The plaintiff has failed to provide the court any evidence that either defendant acted wantonly and further failed to establish that defendant Crete negligently hired, trained, supervised, or entrusted a truck to defendant Harrell.  As such, the plaintiff has failed to show an essential element of his case on which he has the burden of proof.  *See Cornelius v. Town of Highland Lake,* 880 F.2d 348, 351 (11th Cir.1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990).

## CONCLUSION

The defendants' motion for partial summary judgment on the above discussed claims is hereby **GRANTED**.  Plaintiff's claims for wantonness, negligent or wanton entrustment and negligent or wanton hiring, training, or supervision are **DISMISSED WITH PREJUDICE**.  The plaintiff's claim for negligence against defendant Harrell, while in the line and scope of his employment, remains pending.

**DONE** and **ORDERED** this the 1st day of May, 2007.

*/s/ Inge Prytz Johnson*
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE